UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JERRY SEABAUGH, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17-1555 |
| ) | |
| DELTA R-V SCHOOL DISTRICT, ) | JURY TRIAL REQUESTED |
| ) | |
| Serve at: ) | |
| ) | |
| 324 Liberty Street ) | |
| Delta, MO 63744 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Jerry Seabaugh Sr., for his Complaint against the Delta R-V School District alleges and states as follows:

### PRELIMINARY STATEMENT

1. This action is filed by Plaintiff Jerry Seabaugh, Sr. ("Mr. Seabaugh") pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, liquidated damages, attorney fees, and other relief from Defendant Delta R-V School District ("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), the Missouri Minimum Wage Law, R.S.Mo. § 290.500, *et seq.* ("MMWL"), and Missouri common law.

### PARTIES

2. Mr. Seabaugh is an adult citizen and resident of Delta, Missouri. At all material times, Mr. Seabaugh was an employee of Defendant pursuant to 29 U.S.C. § 203(e) and R.S.Mo. § 290.500(3).

3. Defendant Delta R-V School District is a Missouri Public School District

1

organizated under the authority of the Missouri State Legislature. At all material times, Defendant was an employer of Mr. Seabaugh pursuant to 29 U.S.C. § 203(d) and R.S.Mo. § 290.500(4).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's Federal law claims pursuant to 28 U.S.C. §§ 1331. This Court has subject matter jurisdiction over Plaintiff's Missouri state law claims pursuant to 28 U.S.C. §§ 1332(d)(2) and 1367, as well as R.S.Mo. § 290.527.

5. Venue is proper in this District as Plaintiff resides in this judicial district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

6. Mr. Seabaugh was hired as a maintenance worker by Defendant in 1996.

7. At the time of his termination, on January 31, 2017, Mr. Seabaugh had been promoted to "Maintenance Supervisor." However, Mr. Seabaugh exercised no real supervisory control over the other maintenance workers.

8. Mr. Seabaugh did not have the power to hire, discipline or fire employees in the course of his work for Defendants.

9. Mr. Seabaugh did not set the schedule or the work conditions of other employees' work.

10. Mr. Seabaugh often worked in excess of forty (40) hours per workweek at the direction of Defendants.

11. Mr. Seabaugh generally worked from 6:00 a.m. to 4:30 p.m. each week

day absent a half-hour lunch break.

12. Mr. Seabaugh also routinely worked nights and weekends in addition to his set schedule depending on what tasks Defendant wanted Mr. Seabaugh to accomplish after school hours.

13. Defendant did not compensate Mr. Seabaugh at the required rate of one-and-one-half times his standard rate for all hours worked in excess of forty (40) hours per workweek.

14. Defendant had knowledge of Plaintiffs' job duties and hours worked in excess of forty hours a week.

15. Defendant knew or should have known that Plaintiff was a non-exempt employee and knowingly and willfully violated the FLSA by failing to pay Plaintiff overtime compensation, automatically deducting lunch breaks and by failing to post the employee's rights poster setting.

16. Defendant's pay practices allowed Defendants to gain excess profits by illegally failing to compensate Mr. Seabaugh as required by the law.

## COUNT I – FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

18. Beginning in 1996, and ongoing, Defendant violated 29 U.S.C. § 207 by employing Mr. Seabaugh in for workweeks longer than 40 hours without compensating him for him work in excess of 40 hours per week at a rate no less than one and one-half times his regular rate of pay for which he was employed.

19. The foregoing conduct, as alleged, was committed knowingly, willfully and maliciously by Defendant in violation of the law, as Defendant knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

20. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld from Plaintiff. Accordingly, Defendant is liable under 29 U.S.C. § 216(b) for unpaid overtime, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT II – IMPLIED CONTRACT OF QUANTUM MERUIT

21. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

22. Mr. Seabaugh performed work, for which Defendants received a benefit, without receiving full compensation.

23. Defendants appreciated the fact of the benefit conferred upon it by Mr. Seabaugh.

24. The acceptance and retention of said benefit by Defendants is inequitable in light of the fact that Mr. Seabaugh was uncompensated and under-compensated for the benefits conferred upon Defendants, as more fully described above.

25. The payment requested by Mr. Seabaugh for the benefits produced by him is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

26. Mr. Seabaugh seeks damages equal to all unpaid wages due within the five (5) years preceding the filing of this Complaint plus periods of equitable tolling. Mr.

Seabaugh also seeks an award of pre-judgment and post-judgment interest at the applicable legal rate.

## COUNT III – IMPLIED CONTRACT OF UNJUST ENRICHMENT

27. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

28. Mr. Seabaugh performed work, for which Defendants received a benefit, without receiving full compensation.

29. Defendants appreciated the fact of the benefit conferred upon it by Mr. Seabaugh.

30. The acceptance and retention of said benefit by Defendants resulted in unjust enrichment in light of the fact that Mr. Seabaugh was uncompensated and under-compensated for the benefits conferred upon Defendants, as more fully described above.

31. Mr. Seabaugh seeks damages equal to all unpaid wages due within the five (5) years preceding the filing of this Complaint plus periods of equitable tolling. Mr. Seabaugh also seeks an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, Plaintiff seeks damages as requested herein, and such other relief the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues triable by jury.

Respectfully submitted,

By:  /s/ *Sarah Jane Hunt*
Thomas E. Kennedy, III #44617MO
Sarah Jane Hunt #63899MO
Law Offices of Thomas E. Kennedy, III, L.C.
906 Olive St., Ste. 200
St. Louis, MO 63101
(314) 474-5326 phone
(314) 474-5331 fax
tkennedy@tkennedylaw.com
sarahjane@tkennedylaw.com

***ATTORNEYS FOR PLAINTIFF***